IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY H. GRIFFIN, | ) | CASE NO. 5:13 CV 1093 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TERRY TIBBALS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition Jeffrey H. Griffin for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Griffin is currently incarcerated by the State of Ohio at the Mansfield Correctional Institution in Mansfield, Ohio.[3] He is serving a sentence of 14 years in prison imposed by the Summit County Court of Common Pleas in 2007 when it accepted Griffin's guilty plea and convicted him of one count of aggravated robbery with specifications and one count of failure to comply with the order or signal of a police officer.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jeffrey J. Helmick in a marginal entry order dated June 6, 2013.

[2] ECF # 1.

[3] *Id.* at 1; *see also*, http://www.drc.ohio.gov/OffenderSearch.

[4] ECF # 1 at 1.

Griffin raises four counts for relief in his petition.[5] The State in its return of the writ argues that the entire petition should be dismissed as untimely and that the untimeliness cannot be excused by equitable or statutory tolling.[6] Griffin has not filed a traverse.

For the reasons stated below, I will recommend that the petition be dismissed as untimely.

## Facts

### A.    Background facts, plea, and sentence

The relevant facts are simply stated. After being indicted in 2006 on multiple counts of aggravated robbery, robbery, kidnapping, breaking and entering, failure to comply, falsification, and having a weapon while under disability,[7] Griffin initially pled not guilty.[8] Following a supplemental indictment adding additional counts of aggravated robbery and kidnapping,[9] to which Griffin also pled not guilty,[10] Griffin, though counsel, began discussions with the prosecution. Accordingly, on June 10, 2007, Griffin withdrew his prior pleas and pled guilty to a single count of aggravated robbery with specifications and one

---

[5] *Id.* at 5, 6, 8 and 9.

[6] *Id.* at 11-18.

[7] ECF # 8, Attachment (state court record) at 1.

[8] *Id.* at 7.

[9] *Id.* at 8-9.

[10] *Id.* at 10.

count of failure to comply, the prosecution agreed to dismiss all remaining charges and both sides agreed to recommend a sentence of 14 years in prison.[11] On the same date, the trial court accepted Griffin's guilty pleas and sentenced him to the recommended term of 14 years in prison.[12]

Griffin did not timely appeal the conviction or sentence.[13]

**B.     Motion to withdraw the plea**

On October 30, 2007, Griffin, *pro se*, filed a motion to withdraw his guilty plea.[14] The State responded in opposition,[15] and on February 15, 2008, the trial court denied the motion.[16]

Griffin, *pro se*, then filed a notice of appeal and a motion to file a delayed appeal claiming that he had not received a timely copy of the trial court's order.[17] After granting him leave to file,[18] Griffin filed a brief in support,[19] which, after it was stricken for failure to

---

[11] *Id.* at 11-13.

[12] *Id.*

[13] *See*, ECF # 3.

[14] ECF # 8, Attachment at 14-33.

[15] *Id.* at 34-37.

[16] *Id.* at 38-40.

[17] *Id.* at 41-57.

[18] *Id.* at 58.

[19] *Id.* at 59-133.

comply with the rules,[20] he re-filed.[21] The State then filed a brief in response,[22] and Griffin replied.[23] On March 18, 2009, the Ohio appeals court overruled all of Griffin's assignments of error and affirmed the decision of the trial court.[24]

On May 4, 2009, Griffin, *pro se*, then timely[25] appealed to the Supreme Court of Ohio.[26] After filing a memorandum in support of jurisdiction,[27] and after the State waived the filing of a response,[28] the Supreme Court of Ohio declined leave to appeal and dismissed the appeal on July 29, 2009.[29]

---

[20] *Id.* at 134.

[21] *Id.* at 135-203.

[22] *Id.* at 204-23.

[23] *Id.* at 224-36.

[24] *Id.* at 237-44.

[25] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[26] ECF # 8, Attachment at 245-246.

[27] *Id.* at 247-69.

[28] *Id.* at 270.

[29] *Id.* at 271.

**C.      Additional filings**

In addition to the first motion to withdraw the plea and the subsequent appeal from its denial, Griffin filed multiple additional motions that were all denied, and which, for the reasons stated, had no effect on the statute of limitations in this case.

**1.      *January 15, 2008, motion to vacate or set side judgment***

Griffin, *pro se*, filed this motion with the trial court on January 15, 2008, or more than a year after he was convicted and sentenced.[30] The State moved to dismiss the motion without a hearing, citing, *inter alia*, its untimeliness.[31] The trial court then dismissed the motion,[32] and Griffin did not appeal.

**2.      *October 20, 2008, motion to withdraw the guilty plea (second motion to withdraw the plea).***

Griffin, *pro se*, filed this second motion to withdraw his guilty plea with the trial court on October 20, 2008.[33] The State opposed the motion, arguing that the trial court lacked jurisdiction to consider it because the first motion to withdraw the guilty plea was still before the Ohio appeals court.[34] The trial court thereupon denied the motion.[35]

---

[30] *Id.* at 272-79.

[31] *Id.* at 280-81.

[32] *Id.* at 282.

[33] *Id.* at 283-91.

[34] *Id.* at 292-93.

[35] *Id.* at 294.

**3.     *July 13, 2009, motion to withdraw the guilty plea (third motion to withdraw the plea).***

Griffin, *pro se*, filed the third motion to withdraw his guilty plea with the trial court on July 13, 2009.[36] The State opposed the motion because the appeals court had already upheld the denial of a prior motion to withdraw, which decision was the law of the case.[37] After Griffin filed a reply,[38] the trial court denied the motion on the same grounds as had been advanced by the State.[39]

Although Griffin, *pro se*, filed a notice of appeal from that decision,[40] together with a motion to file a delayed appeal,[41] he later moved to dismiss his own appeal[42] before the appellate court ultimately dismissed it for Griffin's failure to file a supporting brief.[43]

---

[36] *Id.* at 295-313.

[37] *Id.* at 314-16.

[38] *Id.* at 317-24.

[39] *Id.* at 325-26.

[40] *Id.* at 327-30.

[41] *Id.* at 331-37.

[42] *Id.* at 338-40.

[43] *Id.* at 341.

**4.      *Motion for re-sentencing or, alternatively, to withdraw the guilty plea (fourth motion to withdraw the plea).***

On August 31, 2009, Griffin, *pro se*, again moved to withdraw his plea.[44] The State opposed the motion, contending it was barred by *res judicata*.[45] The trial court once again denied the motion on the grounds cited by the State.[46]

**5.      *Motion to withdraw the guilty plea (fifth motion to withdraw the plea).***

Less than a month after he filed the fourth motion to withdraw his guilty plea, and just 10 days after the trial court had denied that motion, Griffin, *pro se*, filed yet another motion to withdraw his guilty plea.[47] As before, the State opposed the motion,[48] and the trial court once again denied it.[49]

---

[44] *Id.* at 342-73.

[45] *Id.* at 374-76.

[46] *Id.* at 377-79.

[47] *Id.* at 380-406.

[48] *Id.* at 405-10.

[49] *Id.* at 411.

-7-

Griffin, *pro se*, filed a notice of appeal,[50] which the State moved to dismiss as untimely.[51] After Griffin filed a reply,[52] the Ohio appeals court dismissed the matter as untimely.[53]

**6.      *Motion to withdraw the guilty plea (sixth motion to withdraw).***

Just over four months after his appeal from the fifth denial of a motion to dismiss, Griffin, *pro se*, filed a sixth such motion.[54] The State opposed the motion,[55] and the trial court denied it.[56]

**7.      *Motion for re-sentencing***

Less than a month after the trial court denied his latest motion to withdraw his plea, Griffin, *pro se*, filed a motion for re-sentencing.[57] The State opposed the motion,[58] and the trial court denied it.[59]

---

[50] *Id.* at 412-14.

[51] *Id.* at 415-16.

[52] *Id.* at 417-19.

[53] *Id.* at 420.

[54] *Id.* at 421-26.

[55] *Id.* at 427-29.

[56] *Id.* at 430.

[57] *Id.* at 431-56.

[58] *Id.* at 457-59.

[59] *Id.* at 460-61.

Griffin, *pro se*, then filed a notice of appeal[60] and a motion to file a delayed appeal.[61] The State moved to dismiss the appeal, contending that because the sentence was authorized by law, agreed to by the parties and imposed by the court, it may not be appealed.[62] Griffin replied to the State's motion,[63] and then the appellate court denied the motion for a delayed appeal, ruling that Griffin had provided insufficient reasons to justify filing an appeal after a five year delay.[64] The appeal was therefore dismissed.[65]

Griffin thereupon filed a notice of appeal with the Supreme Court of Ohio,[66] together with a memorandum in support of jurisdiction.[67] The State waived filing of a response[68] and the Ohio Supreme Court declined jurisdiction and dismissed the appeal on May 9, 2012.[69]

---

[60] *Id.* at 462-463.

[61] *Id.* at 464-467.

[62] *Id.* at 468-469.

[63] *Id.* at 470-473.

[64] *Id.* at 474.

[65] *Id.*

[66] *Id.* at 475-476.

[67] *Id.* at 477-505.

[68] *Id.* at 506.

[69] *Id.* at 507.

**D.      Federal habeas petition**

On May 7, 2013,[70] Griffin, *pro se*, filed the present petition for habeas relief

presenting the following four grounds for relief:

> GROUND ONE: PETITIONER WAS DENIED DUE PROCESS AND
> EQUAL PROTECTION OF THE LAW WHEN THE TRIAL COURT DID
> NOT INFORM HIM OF HIS APPELLANT RIGHS AND SUBSEQUENT,
> APPLICATION FOR LEAVE TO FILE A DELAYED APPEZL WAS
> DENIED, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO
> THE UNITED STATES CONSTITUTION.
>
> GROUND TWO: CONVICTION OBTAIN BY PLEA OF GUILTY WHICH
> WAS UNLAWFULLY INDUCED, BY THE PROSECUTOR'S PROMISE
> TO RECOMMEND TO THE TRIAL COURT IMPOSTON OF
> CONCURRENT SENTENCE, NOTWITHSTANDING THE FACT THAT
> R.C. 2921.331(D) EXPRESSLY PROVIDES FOR CONSECUTIVE
> SENTENCE, NEGATES THE VOLUNTARY AND KNOWING
> CHARACTER OF THE PLEA.
>
> GROUND THREE: DENIAL OF EFFECTIVE ASSTISTANCE OF
> COUNSEL, PETITIONER TRIAL COUNSEL SCOTT RILLEY DID NOT
> INFORM PETITIONER OF HIS APPELLANT RIGHTS, PETITIONER DID
> NOT LEARN THAT HE COULD APPEAL ANY SENTENCE AND
> GUILTY PLEA UNTIL APRIL 2011, LONG AFTER PETITIONER
> JANUARY 2007 SENTENCING HEARING.
>
> GROUND FOUR: THE PETITIONER IS CONFINED UNDER A VOID
> CONVICTION AND THEREFORE UNDER A SENTENCE THAT IS
> CONTARY LAW AND NOT AUTHORIZED BY LAW. THE TRIAL
> COURT EXCEEDED ITS AUTHORITY BY DISREGARDING THE
> STATUTORY REQUIREMENTS, OF D.R.C. 2921.311, "ATTEMPTED
> SENTENCE."[71]

---

[70] This is the date that Griffin put his petition into the prison mail system and so is
deemed the date of filing. ECF # 1 at 13. The petition was docketed at this Court on May 14,
2013. ECF # 1 at 1.

[71] ECF # 1.

-10-

As noted, the State in its return of the writ has moved to dismiss the petition as time-barred. In particular, the State essentially contends that the one-year habeas time period began to run on February 7, 2007 – or 30 days after he was convicted and sentenced. The conviction became final on that date because Griffin did not timely appeal from that sentence. Thus, absent tolling, Griffin had until February 8, 2008, to file for federal habeas relief.

But the State argues that the time limitation ran for 280 days – or until Griffin properly filed his first motion to withdraw his guilty plea on October 30, 2007. The limitations period was tolled until July 29, 2009, when the Ohio Supreme Court finally denied review and dismissed the appeal.[72]

Moreover, the State further asserts that none of the other motions filed by Griffin in 2009 served to toll the running of the statute because they were not properly filed. Thus, the limitations period expired on October 12, 2009. The remaining motions filed after that date had no effect on the limitations period because it had already expired.

Accordingly, the State maintains, unless Griffin can show some basis for equitable tolling, the petition filed on May 7, 2013, is over three years beyond the limitations period and should be dismissed as untimely.

------------------------------------------------------------

[72] The State observes that because the motion to withdraw the plea was a collateral action, Griffin was not entitled to an additional 90-days tolling for purposes of pursuing a writ of certiorari, which additional time is only allowed for the direct appeal. ECF # 14 n.4 (citing cases).

In that regard, the State points out that there is nothing in the record to indicate that Griffin is entitled to alternative starting date for the running of the limitations period, nor is there any evidence that would support either equitable tolling under the two-element test of *Pace v. DiGuglielmo*[73] or under a claim of actual innocence.[74] As noted above, Griffin has not filed a traverse.

## Analysis

### A.      Standard of review

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[75] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[73] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[74] ECF # 8 at 17.

[75] Pub. L. No. 104-132, 110 Stat. 1214.

-12-

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[76]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state postconviction relief or other collateral review. A state application for postconviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[77] State postconviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[78]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[79] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[80]

---

[76] 28 U.S.C. § 2244(d)(1).

[77] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[78] *See*, *Allen v. Seibert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also*, *Pace*, 544 U.S. at 413-14; *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

[79] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[80] *Id.*

-13-

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[81] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[82] Equitable tolling is granted "sparingly."[83] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[84] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[85]

**B. Application of standard – the petition is untimely and should be dismissed.**

The application of the relevant law is very straightforward. As discussed above, this petition was filed years after the expiration of the limitations period. In addition, as the State points out, it is difficult to see that Griffin – who was a frequent litigant as regards this conviction and sentence – could credibly claim either that he was not aware of the nature of his claim until some later date or that some obstacle beyond himself precluded him from

---

[81] *See*, *Holland v. Florida*, 560 U.S. 631, 646 (2010).

[82] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012).

[83] *Id.* (quoting *Robertson*, 624 F.3d at 784).

[84] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also*, *Pace*, 544 U.S. at 418.

[85] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)).

timely filing for federal habeas relief. In any event, Griffin's silence in not responding to the State's timeliness argument adds weight to the State's analysis.

Thus, for the reasons stated, I recommend finding that the petition here is untimely and that no showing has been made of any basis for tolling the limitations period. Accordingly, the petition should be dismissed.

## Conclusion

For the reasons stated, the petition of Jeffrey H. Griffin for a writ of habeas corpus should be dismissed as untimely.


Dated: September 30, 2014                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[86]

---

[86] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).