IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey H. Griffin,

                Petitioner,         Case No. 5:13 CV 1093

   v.

                                 MEMORANDUM OPINION AND ORDER

Terry Tibbals,

                Respondent.

## INTRODUCTION

On May 14, 2013, *pro se* Petitioner Jeffrey H. Griffin filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 (Doc. No. 1). The Court referred the matter to Magistrate Judge Baughman for a Report and Recommendation (R&R). On September 30, 2014, the Magistrate Judge recommended I dismiss the Petition as time-barred. (Doc. No. 9). On October 16, 2014, Griffin filed a motion for summary judgment in lieu of objections. (Doc. No. 11). Griffin then filed untimely objections to the R&R. (Doc. No. 13). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the R&R and overrule Griffin's objections.

## BACKGROUND

Magistrate Judge Baughman accurately and comprehensively set forth the procedural background of this case, and I adopt those sections of the R&R in full. (Doc. No. 9 at 1-9).

Briefly, in 2006, Griffin was indicted on multiple counts of aggravated robbery, robbery, kidnapping, breaking and entering, failure to comply, falsification, and having a weapon under disability. This indictment was later supplemented with additional counts of aggravated robbery and kidnapping. Griffin pleaded not guilty to the counts in the initial and supplemental indictments.

1

On June 10, 2007, Griffin, represented by counsel, withdrew his not guilty plea and pleaded guilty to a single count of aggravated robbery with specifications and one count of failure to comply.  The prosecution agreed to dismiss all remaining charges and both sides agreed to a recommended sentence of fourteen years in prison.  That same day, the trial court accepted Griffin's guilty pleas and sentenced him to the recommended term of fourteen years in prison.  Griffin did not timely appeal this conviction or sentence.

Griffin, acting *pro se*, filed a motion to withdraw his guilty plea, which the trial court denied on February 15, 2008.  He then filed a notice of appeal and a motion to file a delayed appeal claiming he had not received a timely copy of the trial court's order.  He was granted leave to appeal. On March 18, 2009, the Ohio appeals court overruled Griffin's assignments of error and affirmed the decision of the trial court.  Griffin appealed to the Supreme Court of Ohio, who dismissed the appeal on July 29, 2009.

Acting *pro se*, Griffin proceeded to seek various forms of post-conviction relief in the state courts of Ohio.   However, these numerous post-conviction relief applications and appeals therefrom were denied as untimely, duplicative, or deficient.

On May 14, 2013, Griffin filed his Petition for a writ of habeas corpus under § 2254 raising four grounds for relief. (Doc. No. 1).  The case was referred to Magistrate Judge Baughman who recommended dismissing the Petition as time-barred. (Doc. No. 9).  In lieu of objections, Griffin filed a motion for summary judgment. (Doc. No. 11).  He subsequently filed untimely objections to the R&R on December 4, 2014.  (Doc. No. 13).  Generally, a petitioner's failure to file timely objections to the Magistrate Judge's R&R waives any further right to appeal a subsequent order of the district court adopting that report.  *Smith v. Detroit Federation of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Cole v. Yukins,* 7 F. App'x 354, 356 (6th Cir. 2001) (unpublished opinion).  However, given Griffin's *pro se* status, I will construe his motion for summary judgment as

2

a timely objection, and his actual objections an amendment thereto in order to afford Griffin's otherwise untimely arguments de novo review. *See* Fed. R. Civ. 72(b)(3).

Griffin does not dispute that his federal habeas petition was untimely. Rather, for reasons that are not expressed, Griffin argues that his sentence was unlawful and therefore void. As a result, Griffin claims he was entitled to equitable tolling pursuant to 28 U.S.C. § 2244(d)(1)(A) because "his judgment had not become final." (Doc. No. 13 at 4-5).

## STANDARD

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act, Pub. 1. No. 104–132, 110 Stat. 1214 (Apr. 24, 1996) ("AEDPA") established the one-year statute of limitations at issue. The applicable statute of limitations under the AEDPA, for one whose conviction became final before the effective date of the statute, is one year from the effective date. 28 U.S.C. § 2254(d)(1); *Brown v. O'Dea*, 187 F.3d 572, 575–77 (6th Cir. 1999). Subsection 2244(d)(1)(A) indicates that the federal habeas statute of limitations runs from the date on which the state court judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review, whichever is later.

The AEDPA statute of limitations is not absolute; it can be statutorily or equitably tolled. Pertinent here, the AEDPA limitations period may be tolled for that period of time "during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). The statute provides that the time during which post-conviction or other collateral review proceedings are

pending in state court "shall not be counted toward any period of limitation". *Id.* "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601-02 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998). Moreover, "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.*

Here, Griffin argues his sentence was unlawful and therefore not final. (Doc. No. 13 at 4). However, because Griffin failed to file a direct appeal of his "unlawful" sentence, his conviction became final on that date for purposes of federal habeas review. Therefore, the habeas clock began to run on February 7, 2007 -- or 30 days after he was convicted and sentenced. *See* Ohio App.R. 4(A)(1) (a petitioner has 30 days to appeal from an order that is final upon its entry in Ohio).

Griffin's time limitation ran for 280 days, until Griffin properly filed his first motion to withdraw his guilty plea on October 20, 2007; and was tolled until July 29, 2009, when the Supreme Court of Ohio finally denied review and dismissed this appeal. Griffin's numerous post-conviction motions (outside of his first motion to withdraw his guilty plea) failed to toll the statute of limitations as they were not properly filed. 28 U.S.C. § 2244(d)(2). Therefore, the limitations period expired on October 12, 2009. The remaining post-conviction motions filed after this date had no effect on the limitations period because it had already expired. Griffin filed his Petition May 14, 2013, over three years late. Accordingly, the Petition is time-barred from federal habeas review and should be dismissed unless Petitioner can show his limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010).

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting

4

*Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  To demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: 1) he has diligently pursued his rights; and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Robison*, 424 F. App'x at 442 (explaining that prior to *Holland*, the Sixth Circuit used the five factors elicited in *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001), to determine equitable tolling under AEDPA).  Such equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Here, Griffin has failed to demonstrate that an "extraordinary circumstance" stood in his way to prevent timely filing.  Neither a petitioner's *pro se* status nor a professed ignorance of the law will justify equitable tolling of the limitations period. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling.").  Accordingly, Griffin's Petition should be dismissed as time-barred.

## CONCLUSION

For the reasons stated above, I adopt Magistrate Judge Baughman's R&R.  Griffin's objections are rejected and his Petition is dismissed as time-barred.  In light of the foregoing, Griffin's motion for summary judgment (Doc. No. 11) is denied as moot.

## CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner need not demonstrate he should prevail on the merits.  Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution

5

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Where a claim is procedurally barred, a certificate of appealability should only issue after a showing that "jurists of reason would find it debatable" whether 1) "the petition states a valid claim of the denial of a constitutional right" and 2) "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Griffin's Petition was denied on procedural grounds, as I found Griffin's claims to be time-barred. *See Chapman v. Moore*, 406 F. Supp.2d 835, 838 (N.D. Ohio 2005). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484; *see also Carter v. Maclaren*, No. 12-cv-160, 2012 WL 1611255, at *1 (W.D. Mich. May 8, 2012). For this reason, I deny Griffin a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

                                                                                               s/ *Jeffrey J. Helmick*
                                                                                            United States District Judge